Hank Bates (Cal. Bar No. 167688)
hbates@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
519 West 7th Street
Little Rock, AR  72201
T:  (501) 312-8500
F:  (501) 312-8505

*Attorney for Plaintiff Maria Sventek*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SVENTEK, *et al*., individually and on behalf of others similarly situated,<br><br>                  Plaintiff,<br><br>   vs.<br><br>YAHOO!, INC., A CALIFORNIA CORPORATION<br><br>                Defendant. | CASE NO.<br><br>CLASS ACTION<br><br>**CLASS ACTION COMPLAINT** |

## CLASS ACTION COMPLAINT

Plaintiff Maria Sventek ("Plaintiff") brings this Class Action Complaint against Yahoo!, Inc. ("Defendant" or "Yahoo"), individually and on behalf of all others similarly situated, and alleges as follows, upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by her attorneys and information available to the public.

### INTRODUCTION

1.	This is a class action lawsuit brought on behalf of Plaintiff and all other similarly situated individuals against Yahoo for its failure to take reasonable steps to secure the personal information of its customers from hacking by unknown, malicious actors despite having a duty to

CLASS ACTION COMPLAINT
CASE NO. _____

safeguard its customers' sensitive personal data and despite having been on notice of critical vulnerabilities to its systems.  Further, Yahoo delayed, for two years, informing its users of the massive data breach that it suffered.

2.       On approximately September 22, 2016 Defendant disclosed a massive security breach – occurring over a period of time during 2014 ("2014 Data Breach") – by a "state-sponsored actor" affecting at least 500 million Yahoo subscribers. The breach compromised user account information, including names, email addresses, telephone numbers, dates of birth, hashed passwords and, in some cases and encrypted or unencrypted security questions and answers.[1]

3.       As a result of the staggering array of personal information that has been compromised, Plaintiff and Class members will have to remain vigilant for the rest of their lives to combat potential identity theft arising from the critical (and in some instances, irreplaceable) data that are not only in the hands of cyber criminals, but that also have been posted on the Internet for anyone to gather and use for any purpose, at any point, in perpetuity. Despite all best efforts of Plaintiff and Class Members, or any other third party to scrub these data from the World Wide Web, they are forever recoverable by anyone who wishes to find them.

4.       Plaintiff, a Yahoo subscriber at the time of the 2014 Data Breach and eventual disclosure in 2016, seeks recovery on behalf of herself and a Class of all Yahoo accountholders in the United States whose personal information was compromised as a result of the 2014 Data Breach. Yahoo's acts and practices described herein amount to acts of negligence, breach of express contract, breach of implied contract, and unjust enrichment, as well as violations of California's Data Breach Notification Law (Cal. Civ. Code §§ 1798.80 *et seq.*) and the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200).  Plaintiff seeks, on behalf of herself and the putative class, actual and statutory damages, declaratory and injunctive relief, attorney's fees and costs, and all other relief as authorized in equity or by law.

---

[1] *See* http://www.nytimes.com/2016/09/23/technology/Yahoo-hackers.html

**THE PARTIES**

5.     Plaintiff Maria Sventek is a citizen of the State of North Carolina, and at all times relevant to this action has been a Yahoo accountholder.  Upon information and belief, her personal information, included Plaintiff's name, email address, telephone number, date of birth, hashed passwords, and encrypted or unencrypted security questions and answers.  Upon further information and belief, the compromised information may have included unprotected passwords, payment card data, or bank account information.

6.     Defendant Yahoo is a publicly traded California corporation doing business throughout the United States and is a citizen of California, having its principal place of business in California.

**JURISDICTION AND VENUE**

7.     This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and the members of the Class are citizens of a state different from Defendant.

8.     This Court has general and specific jurisdiction over Yahoo because Yahoo has sufficient minimum contacts within the State of California and within the Northern District of California.

9.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district. Venue is also proper under 18 U.S.C. §1965(a) because Defendant transacts substantial business in this District.

**GENERAL ALLEGATIONS**

10.     Yahoo provides web-based services to hundreds of millions of users.  Those services include, *inter alia*, personal email accounts ("Yahoo Mail"), personal finance accounts ("Yahoo

3

Finance"), and fantasy sports accounts ("Yahoo Fantasy Sports").  Each of these services can be managed through a Yahoo Account.

11.     In late 2014, Yahoo suffered a massive security breach affecting the Yahoo Accounts of at least 500 million subscribers.[2]  As a result of the 2014 Data Breach, certain account information, including names, email addresses, telephone numbers, dates of birth, hashed passwords, and encrypted or unencrypted security questions and answers, was stolen from Yahoo's network.[3]

12.     However, Yahoo either did not know of the 2014 Data Breach at the time, or else affirmatively elected not to disclose the 2014 Data Breach to its users.

13.     In early August of 2016, claims surfaced that a hacker using the name "Peace" was trying to sell personal information of Yahoo account users on the dark web — a black market of thousands of secret websites.

14.     Nearly two months later, on or about September 22, 2016, Yahoo finally announced that 500 million users' Yahoo Accounts had been compromised as a result of the 2014 Data Breach.

15.     Alarmingly, Yahoo had been put on notice of the vulnerabilities of its security systems much earlier than the 2014 Data Breach.  In 2012, Yahoo was hacked by a group aiming to publicly humiliate Yahoo for its lax security measures "as a wake-up call and not as a threat."[4] The 2012 security breach infiltrated a Yahoo database and posted login credentials from over 450,000 accounts.

16.     Despite the clear warning of the 2012 breach, Yahoo failed to secure its network sufficiently.  Upon information and belief, the instant security breach was caused and enabled by Yahoo's knowing violation of its obligations to abide by best practices and industry standards to

---

[2] *See* http://www.wsj.com/articles/Yahoo-says-information-on-at-least-500-million-user-accounts-is-stolen-1474569637.
[3] *Id.*
[4] Id. *See also* http://www.wsj.com/articles/SB10001424052702304373804577522613740363638.

4

take reasonable precautions and implement reasonable technical measures to protect Plaintiff's personal information, including e-mail addresses, from unauthorized access, erroneous disclosure and unlawful interception.

17. Beyond failing to take adequate steps to protect the sensitive personal information of Plaintiff and Class members, Yahoo has also failed to disclose the nature and extent of the 2014 Data Breach and notify its affected customers in a timely manner. By failing to provide adequate notice, Yahoo has prevented (and continues to prevent) Plaintiff and Class members from protecting themselves from the security breach.

## CLASS ALLEGATIONS

18. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and all others similarly situated, as representative of the following Class:

> All Yahoo accountholders in the United States whose personal information was compromised as a result of the 2014 Data Breach.

19. Excluded from the Class are affiliates, predecessors, successors, officers, directors, agents, servants, or employees of Yahoo, and the immediate family members of such persons. Also excluded are any trial judge who may preside over this action, court personnel and their family members and any juror assigned to this action.

20. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

21. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, there are hundreds of millions of individuals whose personal information has been compromised as a result of the 2014 Data Breach. The number of separate individuals is identifiable and ascertainable based on Defendant's records.

22. There are questions of law and fact common to the Class. These questions include, but are not limited to, the following:

a.   Whether Defendant's acts and omissions described herein give rise to a claim of negligence;

b.   Whether Defendant violated Cal. Civ. Code § 1798.80, et seq.;

c.   Whether Defendant's acts and omissions described herein give rise to a claim of bailment;

d.   Whether Defendant had a legal and/or contractual duty to use reasonable security measures to protect Plaintiff's and Class members' personal information;

e.   Whether Yahoo took reasonable steps and measures to safeguard Plaintiff's and Class members' personal information;

f.   Whether Yahoo breached its duty to exercise reasonable care in handling Plaintiff's and Class members' personal information;

g.   Whether implied contracts existed between Yahoo and Plaintiff and Class members;

h.   Whether Yahoo has and has been unjustly enriched by the acts and practices complained of herein;

i.   Whether Yahoo violated Cal. Bus. & Prof. Code § 17200 through the acts and practices complained of herein;

23.   Plaintiff's claims are typical of the claims of the Class in that Plaintiff and the Class had their personal information compromised as a result of the 2014 Data Breach, the cause of which was Defendant's acts and omissions, as complained of herein. Plaintiff and Class Members are entitled to declaratory relief, damages, restitution, and injunctive relief as a result of the conduct complained of herein. Moreover, upon information and belief, the conduct complained of herein is systemic. Thus, the representative Plaintiff, like all other Class members, faces substantial risk of the same injury in the future. The factual basis of Defendant's conduct is common to all Class members, and represents a common thread of conduct resulting in injury to all members of the Class. Plaintiff has suffered the harm alleged and has no interests antagonistic to any other Class member.

24.   Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's

interests do not conflict with the interests of the Class members. Furthermore, Plaintiff has retained

competent counsel experienced in class action litigation. Plaintiff's counsel will fairly and

adequately protect and represent the interests of the Class. Fed. R. Civ. P. 23(a)(4) and 23(g) are

satisfied.

25.     Plaintiff asserts that pursuant to Fed. R. Civ. P. 23(b)(3), questions of law or fact

common to the Class members predominate over any questions affecting only individual members.

26.     A class action is superior to other available methods for the fair and efficient

adjudication of this controversy. Arguably, no Class Member could afford to seek legal redress

individually for the claims alleged herein. Therefore, absent a class action, the Class members will

continue to suffer losses and Defendant's misconduct will proceed without remedy.

27.     Even if Class Members themselves could afford such individual litigation, the court

system could not. Given the complex legal and factual issues involved, and considering that the

Class could number in the hundreds of millions or greater, individualized litigation would

significantly increase the delay and expense to all parties and to the Court. Individualized litigation

would also create the potential for inconsistent or contradictory rulings. By contrast, a class action

presents far fewer management difficulties, allows claims to be heard which may otherwise go

unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of

adjudication, economies of scale and comprehensive supervision by a single court.

28.     Accordingly, certification of a Class under Federal Rule of Civil Procedure 23(b)(3)

is appropriate in that the Plaintiff and the Class members seek monetary damages, common

questions predominate over any individual questions, and a plaintiff class action is superior for the

fair and efficient adjudication of this controversy. A plaintiff class action will cause an orderly and

expeditious administration of the Class members' claims and economies of time, effort, and expense

will be fostered and uniformity of decisions will be ensured. Moreover, the individual Class

members are unlikely to be aware of their rights and not in a position (either through experience or

financially) to commence individual litigation against this defendant.

29.     Alternatively, certification of a Class under Federal Rule of Civil Procedure 23(b)(2) is appropriate in Plaintiff also seeks injunctive or declaratory relief to prevent future security breaches, and Yahoo acted or refused to act on grounds generally applicable to the Class.

**COUNT ONE**
**NEGLIGENCE**

30.     Plaintiff adopts and incorporates each and every allegation of this Complaint as if stated fully herein.

31.     Yahoo owed a duty to Plaintiff and members of the Class to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting their personal information in its possession from being compromised, lost, stolen, accessed and misused by unauthorized persons. This duty included, among other things, designing, implementing, maintaining and testing Defendant's security systems and protocols, consistent with industry standards and requirements, to ensure that Plaintiff's and Class members' personal information in Yahoo's possession was adequately secured and protected. Yahoo further owed a duty to Plaintiff and Class members to implement processes that would detect a breach of its security system in a timely manner and to timely act upon warnings and alerts, including those generated by its own security systems.

32.     Yahoo owed a duty of care to Plaintiff and Class members because they were foreseeable and probable victims of any inadequate security practices. Yahoo solicited, gathered, and stored the personal data provided by Plaintiff and members of the Class in the regular course of its business. Yahoo knew that a breach of its systems would cause damages to Plaintiff and members of the Class, and Yahoo had a duty to adequately protect such sensitive personal information.

33.     Similarly, Yahoo owed a duty to Plaintiff and Class members to timely disclose any incidents of data breaches, where such breaches compromised the personal information of Plaintiff

8

and Class members.  Plaintiff and Class members were foreseeable and probable victims of any inadequate notice practices.  Yahoo knew that, through its actions and omissions, it had caused the sensitive personal information of Plaintiff and Class members to be compromised by malicious third parties in 2014, and that those third parties manifested an intent to do harm to Plaintiff and Class members.  Such harm could only be mitigated by Plaintiff and Class members with timely notice of the 2014 Data Breach.

34.     Yahoo breached its duties owed to Plaintiff and Class members (1) by failing to exercise reasonable care in the adoption, implementation, and maintenance of adequate IT security procedures, infrastructure, personnel, and protocols and (2) by failing to timely notify Plaintiff and Class members of the 2014 Data Breach.

35.     Yahoo's breach of its duties owed to Plaintiff and members of the Class caused injuries to Plaintiff and members of the Class, including but not limited to a) theft of their personal information; b) costs associated with the detection and prevention of identity theft; c) costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate and mitigate the actual and future consequences of the 2014 Data Breach, including without limitation finding fraudulent charges, cancelling and reissuing credit cards and bank accounts, purchasing credit monitoring and identity theft protection, and the stress, nuisance and annoyance of dealing with all issues resulting from the 2014 Data Breach; d) the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their personal information being placed in the hands of criminals and being posted for public consumption on the Internet; e) damages to and diminution in value of their personal information entrusted to Yahoo with the understanding that Yahoo would safeguard their data against theft and not allow access and misuse of their data by others; and f) the continued risk to their personal information, which remains in the possession of Yahoo and which is subject to further breaches so long as Yahoo fails to undertake appropriate and adequate measures to protect data in its possession.

9

36.     But for Yahoo's negligent and wrongful breach of its duties owed to Plaintiff and the Class, Plaintiff and the Class would not have been harmed and could have taken remedial measures to protect their personal information.

37.     Plaintiff and Class members seek an award of actual damages.

**COUNT TWO**
**VIOLATION OF CALIFORNIA'S DATA BREACH NOTIFICATION LAW**
**Cal. Civ. Code §§ 1798.80 *et seq.***

38.     Plaintiff adopts and incorporates each and every allegation of this Complaint as if stated fully herein.

39.     The 2014 Data Breach described herein was a "breach of the security system" within the meaning of Cal. Civ. Code § 1798.82(g).

40.     The information lost in the 2014 Data Breach was "personal information" as defined in Cal. Civ. Code § 1798.80(e).

41.     Yahoo failed to implement and maintain reasonable security procedures and practices appropriate to the nature of the personal information being acquired, processed, and stored in the ordinary course of Yahoo's business, as required by Cal. Civ. Code § 1798.81.5.

42.     Further, upon failing to take the appropriate security measures, and upon discovering the 2014 Data Breach, Yahoo failed to timely notify Plaintiff and Class members of the 2014 Data Breach, as required by Cal. Civ. Code § 1798.80, *et seq.*

43.     As a result of Yahoo's violations of Cal. Civ. Code § 1798.80 *et seq.*, Plaintiff and Class members have sustained damages, including a) theft of their personal information; b) costs associated with the detection and prevention of identity theft; c) costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate and mitigate the actual and future consequences of the 2014 Data Breach, including without limitation finding fraudulent charges, cancelling and reissuing credit cards and bank accounts, purchasing credit monitoring and identity theft protection, and the stress, nuisance and annoyance of dealing with all

10

issues resulting from the 2014 Data Breach; d) the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their personal information being placed in the hands of criminals and being poste for public consumption on the Internet; e) damages to and diminution in value of their personal information entrusted to Yahoo with the understanding that Yahoo would safeguard their data against theft and not allow access and misuse of their data by others; and f) the continued risk to their personal information, which remains in the possession of Yahoo and which is subject to further breaches so long as Yahoo fails to undertake appropriate and adequate measures to protect data in its possession.

44.    Plaintiff, individually and on behalf of the Class, seeks all remedies available under Cal. Civ. Code § 1798.80, *et seq*., including actual and statutory damages, equitable relief, and reasonable attorney's fees.

## COUNT III
## BREACH OF EXPRESS CONTRACT

45.    Plaintiff hereby incorporates and adopts by reference each and every allegation set forth above.

46.    Yahoo's Terms of Service,[5] which incorporates by reference Yahoo's Privacy Policy,[6] forms the contract between Yahoo and its customers.

47.    When Plaintiff subscribed to Yahoo, the Terms of Service and Privacy Policy provided that Yahoo would "not rent, sell, or share personal information about you with other people or non-affiliated companies" and that it would "limit access to personal information about you to employees who we believe reasonably need to come into contact with that information to provide products or services to you or in order to do their jobs."

48.    The Terms of Service and Privacy Policy also provided that Yahoo had "physical, electronic, and procedural safeguards that comply with federal regulations to protect personal

---

[5] https://policies.yahoo.com/us/en/yahoo/terms/utos/
[6] https://policies.Yahoo.com/us/en/Yahoo/privacy/index.htm.

11

information about [subscribers]."

49.     Yahoo failed to adequately safeguard and protect the personal information of Plaintiff and Class members, so that one or more unauthorized third party was able to obtain access to such personal information within Yahoo's network during the 2014 Data Breach.

50.     Yahoo's lack of adequate security enabled the unauthorized third parties to access Yahoo's network, which then provided them with access to the Plaintiff's and Class members' personal information, and possibly other electronic information then in transit or temporarily and permanently stored on the network.

51.     Yahoo did not adequately monitor its technology systems for the presence of foreign software or other malicious intrusions in a manner that would enable it to detect this intrusion, such that the security breach and diversion of subscribers' personal information was able to continue unnoticed.

52.     In permitting a security breach of 500 million subscribers, which constitutes approximately one-half of total subscribers, Yahoo breached the express terms of its Terms of Service and Privacy Policy.

53.     As a result of the breach of contract, Plaintiff and Class members suffered and will continue to suffer damages including, but not limited to, loss of their personal information, loss of money, the objectively reasonable likelihood of identity theft and/or fraudulent purchases, and loss of money and costs incurred as a result of increased risk of identity theft and fraudulent purchases, all of which have ascertainable value to be proven at trial.

## COUNT IV
## BREACH OF IMPLIED CONTRACT

54.     Plaintiff hereby incorporates and adopts by reference each and every allegation set forth above.

55.     When they became Yahoo subscribers, Plaintiff and Class members entered into

implied contracts with Yahoo under which Yahoo requested personal information for the purpose of increasing its revenues.  Plaintiff and the Class members provided such personal information to receive Yahoo's services, and Yahoo agreed to safeguard and protect all personal information of Plaintiff and the Class.

56.     Plaintiff and the Class members, and any other reasonable person, would not have entrusted their personal information to Yahoo in the absence of such an implied contract with Yahoo.

57.     Yahoo breached the implied contracts they had made with Plaintiff and Class members by failing to safeguard the personal information of Plaintiff and the Class and permitting unauthorized third parties to access the personal information of 500 million Yahoo subscribers.

58.     As a direct and proximate result of Yahoo's breach of these implied contracts, Plaintiff and Class members suffered and will continue to suffer damages including, but not limited to, loss of their personal information, loss of money, the objectively reasonable likelihood of identity theft and/or fraudulent purchases, and loss of money and costs incurred as a result of increased risk of identity theft and fraudulent purchases, all of which have ascertainable value to be proven at trial.

## COUNT V
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

59.     Plaintiff hereby incorporates and adopts by reference each and every allegation set forth above.

60.     Yahoo's express and/or implied contract with the Plaintiff and Class members includes the implied covenant of good faith and fair dealing, in which Yahoo owed Plaintiff and Class members the duty to promptly notify them if their personal information had been compromised, stolen, or accessed by an unauthorized third party.

61.     Yahoo breached its duty of good faith and fair dealing to the Plaintiff and the Class

13

by waiting approximately two years after the security breach to notify its subscribers that the breach had occurred and to identify what information had been accessed. Upon information and belief, the full extent of the security breach has still not been fully disclosed.

62.     Because of Yahoo's delay in notifying its subscribers of the security breach, at the expense of its subscribers, it was able to avoid lost revenue and decreasing stock values, which likely increased its profits during this period, including from Yahoo's sale to Verizon for $4.83 billion that was announced on July 25, 2016.[7]

63.     As a result of Yahoo's breach of the covenant of good faith and fair dealing, Plaintiff and Class members suffered and will continue to suffer damages including, but not limited to, loss of their personal information, loss of money, the objectively reasonable likelihood of identity theft and/or fraudulent purchases, and loss of money and costs incurred as a result of increased risk of identity theft and fraudulent purchases, all of which have ascertainable value to be proven at trial.

## COUNT VI
## RESTITUTION/UNJUST ENRICHMENT

64.     Plaintiff hereby incorporates and adopts by reference each and every allegation set forth above.

65.     By providing their personal information to Yahoo, Plaintiff and the Class members have conferred a monetary benefit on Yahoo because Yahoo is able to sell that information to authorized third-parties, including advertisers, who then provide advertisements and other content to the Yahoo subscribers. Yahoo's value is also affected by the number of Yahoo subscribers.

66.     Although the security breach occurred in late 2014, Yahoo did not notify its subscribers of the extent and nature of the compromised personal information affected by the breach until September 22, 2016. Upon information and belief, the full extent of the 2014 Data Breach has still not been fully disclosed.

---

[7] *See* http://www.businessinsider.com/verizon-acquires-Yahoo-2016-7.

67.     Because of Yahoo's two-year delay in notifying its subscribers of the 2014 Data Breach, at the expense of its subscribers, it was able to avoid lost revenue and decreasing stock values, which likely increased its profits during this period, including from Yahoo's sale to Verizon for $4.83 billion that was announced on July 25, 2016.

68.     Yahoo appreciates and/or has knowledge of such benefit.

69.     Yahoo has retained the portion of revenue generated from Plaintiff and Class members' personal information despite its failure to adequately protect such information.

70.     Yahoo has also retained the portion of revenue generated from its delay in notifying Plaintiff and the Class members about the 2014 Data Breach.

71.     As a result, Yahoo is unjustly enriched at the expense of Plaintiff and the Class.

72.     Under principles of equity and good conscience, Yahoo should not be permitted to retain such revenues at the expense of Plaintiff and Class members because Yahoo failed to implement adequate data management and security measures to protect the personal information of Plaintiff and the Class from being accessed, intercepted, diverted, and/or used by unauthorized third parties, and then delayed for two years before notifying its subscribers about the 2014 Data Breach.

73.     Accordingly, Plaintiff and the Class seek full disgorgement and restitution of the amounts Yahoo has retained and/or earned as a result of the unlawful and/or wrongful conduct alleged herein, an amount which will be proved at trial.

## COUNT VII
## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
### Cal. Bus. & Prof. Code § 17200

74.     Plaintiff hereby incorporates and adopts by reference each and every allegation set forth above.

75.     Yahoo's conduct as alleged herein constitutes unfair, unlawful, or fraudulent business acts or practices as proscribed by Section 17200 of the California Business & Professions

Code ("UCL").

76.     Yahoo's conduct constitutes "unlawful" business acts or practices because failing to employ reasonable and appropriate security measures to protect subscribers' personal information constitutes violations of the Federal Trade Commission Act, 15 U.S.C. § 45(a).  Similarly, as detailed above, Yahoo's 24-month delay in notifying Plaintiff and Class members of the 2014 Data Breach violates Cal. Civ. Code §§ 1798.80 *et seq.*

77.     Yahoo's acts and omissions were intended to induce Plaintiff and the Class members' reliance on Yahoo's deception that their personal information was secure and protected, to increase the number of Yahoo subscribers, and, ultimately, to increase Yahoo's revenues. Plaintiff and the Class members were deceived by Yahoo's failure to properly implement adequate, commercially reasonable security measures to protect their personal information, and Yahoo's failure to promptly notify them of the security breach. As a result, Yahoo's conduct constitutes "fraudulent" business acts or practices.

78.     Yahoo's failure to properly implement adequate commercially reasonable security measures to protect Plaintiff's and the Class members' personal information, and Yahoo's two-year delay in notifying subscribers of the breach was immoral, unethical, oppressive, and constitutes "unfair" business acts or practices.

79.     Plaintiff have suffered injury in fact and lost money or property as a result of Yahoo's business acts or practices.

80.     Plaintiff and Class members seek an order to enjoin Yahoo from such unlawful, unfair, and fraudulent business acts or practices, and to restore to Plaintiff and Class Members their interest in money or property that may have been acquired by Yahoo by means of unfair competition.

**COUNT VIII**
**BAILMENT**

16

81.     Plaintiff adopts and incorporates each and every allegation of this Complaint as if stated fully herein.

82.     Plaintiff and Class members delivered and entrusted their private information to Defendant for the purpose of enabling Defendant to conduct its business with Plaintiff and Class members.  A bailment arises where possession, but not ownership, of property is transferred from one party ("bailor") to another ("bailee").  Where a bailee has received a bailment from a bailor, a duty of care is owed.  Typically, a bailee is strictly liable for the bailment.

83.     During the period of bailment Defendant, as bailee, owed Plaintiff and Class members a duty of care to safeguard their personal information by maintaining reasonable security procedures and practices to protect such information.  As alleged herein, Defendant breached this duty.

84.     As a result of Defendant's breach of this duty, Plaintiff and all other Class members have suffered ascertainable damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, seeks the following relief:

A.     certification of the Class pursuant to Federal Rule of Civil Procedure 23, and appointment of Plaintiff's counsel as Class counsel;

B.     actual and statutory damages;

C.     injunctive relief;

D.     declaratory relief;

E.      punitive damages;

F.     attorneys' fees and costs;

G.     pre-judgment and post-judgment interest, as allowable by law; and

H.     providing such further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues stated herein, and all issues so triable.

Dated: September 23, 2016                    Respectfully submitted,

**CARNEY BATES & PULLIAM, PLLC**

BY:   _/s/ Hank Bates_____
HANK BATES (Cal. Bar No. 167688)
519 W. 7th St.
Little Rock, AR  72201
Telephone:  (501) 312-8500
Facsimile:  (501) 312-8505

*Attorney for Plaintiff Maria Sventek*